**Filip VUKAJ, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General**

---

Gonzales,[1] Respondents.

Docket No. 03–40568.

United States Court of Appeals, Second Circuit.

July 22, 2005.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner (on submission).

Carlie Christensen, Assistant United States Attorney (Paul M. Warner, United States Attorney for the District of Utah), Salt Lake City, Utah, for Respondents (on submission).

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Present: WESLEY, HALL, Circuit Judges, and TRAGER, District Judge.[2]

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED.**

Petitioner Filip Vukaj ("Vukaj"), an ethnic Albanian born and raised in Montenegro, petitions this Court for review of an August 28, 2003 order of the Board of Immigration Appeals ("BIA"), affirming the April 17, 2002 decision of an Immigration Judge ("IJ"). The IJ rejected Vukaj's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952 ("INA"), *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied him relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. Furthermore, the IJ directed Vukaj's removal from the United States.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. When reviewing asylum and CAT claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly).

To reverse an IJ's factual finding, we must conclude "that the evidence not only supports [a] conclusion" favorable to the asylum applicant, "but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ In this case, substantial evidence supported the IJ's determination that while Vukaj may have experienced instances of harassment and discrimination in Montenegro, his experience did not rise to the level of "persecution" for purposes of the INA. Accordingly, the IJ did not err in finding that Vukaj failed to meet his burden of proving past persecution.

■ As to a well-founded fear of future persecution, we agree with the IJ that while Vukaj's fear may be genuine, it is not objectively reasonable based upon petitioner's testimony, the information provided by the country condition reports, and the fact that amnesty had recently been granted to all draft evaders. We cannot say that a reasonable fact-finder would have been compelled to find that Vukaj's fear of future persecution is objectively reasonable and thus "well-founded." *See Alimi v. Ashcroft,* 391 F.3d 888, 890–91 (7th Cir.2004) (upholding IJ's determination that ethnic Albanian and participant in an organization supporting civil rights for those similarly situated in Macedonia failed to establish objectively reasonable fear of future persecution in light of changed conditions).

■ Because an applicant who fails to establish eligibility for asylum is necessarily precluded from satisfying the heavier burden for withholding of removal, *see Zhang v. INS,* 386 F.3d 66, 71 (2d Cir. 2004), we hold that Vukaj's petition for withholding of removal also fails. Vukaj's

---

2. The Honorable David G. Trager of the United States District Court for the Eastern District of New York sitting by designation.

petition for review of his CAT claim is similarly deficient. He failed to show that he was likely to be tortured if he returned to Montenegro, and thus his CAT claim was properly denied. *See Islami v. Gonzales*, 412 F.3d 391, 397 (2d Cir.2005).

Accordingly, for the reasons set forth above, the petition for review is hereby DENIED.